IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 24-cv-02669-PAB-KAS

GINA M. GILMORE,[1]

      Plaintiff,

v.

OWNERS INSURANCE COMPANY,

      Defendant.

---

**ORDER**

---

This matter comes before the Court on Defendant's Motion for Summary

Judgment [Docket No. 36]. Plaintiff filed a response,[2] Docket No. 42, and defendant

filed a reply. Docket No. 43. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. UNDISPUTED FACTS[3]

Plaintiff is the named insured on a Homeowners Insurance Policy issued by

defendant, policy number 44-883-661-00 (the "Policy"), which was in effect from

---

[1] In her complaint, plaintiff identified the plaintiffs in this case as Gina Gilmore, Justin C. Steinhart, and Virginia Neff Steinhart. Docket No. 42 at 1. Justin C. Steinhart and Victoria Neff Steinhart are not mentioned in plaintiff's complaint, the case caption, or the summary judgment briefing. *See generally* Docket No. 5; Docket No. 36; Docket No. 42; Docket No. 43. In fact, the Court cannot find any mention of Justin C. Steinhart or Victoria Neff Steinhart at all. Thus, the Court presumes they were included in error and the sole plaintiff in this case is Gina M. Gilmore.

[2] Plaintiff's original response was stricken by the Court for failure to comply with the Court's practice standard of admitting or denying the asserted facts set forth by the movant in a section styled Response to Statement of Undisputed Material Facts. Docket No. 41. Plaintiff filed an amended response which contains a section styled "Response to 'Statement of Undisputed Material Facts.'" Docket No. 42 at 1.

[3] The following facts are undisputed unless otherwise noted.

January 28, 2023 to January 28, 2024.  Docket No. 36 at 2, ¶ 2.  The insured property is located at 9285 Melborne Court, Parker Colorado 80134-5783 (the "Property").  *Id.*, ¶ 1. Plaintiff filed suit on August 15, 2024, alleging that the Property suffered hail damage on May 10, 2023.  *Id.*

The Policy provides coverage for direct physical loss to covered property described in the Policy, except for losses excluded in the Policy.  *Id.* at 3, ¶ 3.  The Policy provides the following relevant exclusions:

> **3. EXCLUSIONS**
>
> **b. Coverage A - Dwelling and Coverage B - Other Structures**
> Except as to ensuing loss not otherwise excluded, **we** do not cover loss resulting directly or indirectly from:
>
> **(3)** Faulty, inadequate or defective:
>
>> **(a)** construction, reconstruction, repair, remodeling or renovation;
>> **(e)** maintenance of a part or all of the **residence premises** or any other property.
>
> **(4)**　　**(a)** wear and tear, marring, scratching or deterioration[.]

*Id.* at 4, ¶ 7.  Plaintiff has not maintained, repaired, inspected, or replaced the roof of the Property from 2003 to present.  *Id.* at 5, ¶ 8; Docket No. 42 at 1, ¶ 8.  The Policy also provides the following:

> **WHAT TO DO IN CASE OF LOSS**
>
> **1. PROPERTY**
> If a loss to covered property occurs, the **insured** must:
> **a.** give **us** or **our** agency immediate notice.
> **b.** protect the property from further damage or loss; make reasonable and necessary temporary repairs; and keep records of the cost.
> **c.** make an inventory of all damaged and destroyed property; show in detail quantifies, costs, **actual cash value** and amount of loss claimed; attach to the inventory all available bills, receipts and related documents that substantiate the figures in the inventory.

**d.** send to **us**, within 60 days after **you** notify **us** or **our** agency of the loss, a proof of loss signed and sworn to by the **insured,** including:
   1) the time and cause of loss;
   2) the interest of **insureds** and all others in the property;
   3) **actual cash value** and amount of loss to the property;
   4) all encumbrances on the property;
   5) other policies covering the loss;
   6) changes in the title, use, occupancy or possession of the property;
   7) if required, any plans and specifications of any damaged building or fixtures; and
   8) the inventory of all damaged or stolen property required by **1.c.** above.
**e.** exhibit the damaged property to **us** or **our** representative as often as may be reasonably required.
**f.** cooperate with **us** and assist **us** in any matter relating to a claim.

Docket No. 36 at 3, ¶ 4.  The Policy provides the following general condition:

### 6. CONDITIONS

### f. Our Payment of Loss

We will adjust any loss with **you**, and pay **you** unless another payee is named in the [P]olicy.

**We** will pay within 60 days after **we** receive **your** proof of loss and all other requested documents and the amount of loss is finally determined by an agreement between **you** and **us**, a court judgment or an appraisal award.

*Id.* at 3-4, ¶ 5.  The Policy states that defendant may not be sued unless there is full compliance with all the terms of this policy.  *Id.* at 4, ¶ 6.

On July 11, 2023, plaintiff's fiancé—Jeremy Dufor—reported to defendant alleged property damage from the May 10, 2023 hailstorm, including damage to the roof.  *Id.* at 5, ¶ 9.  Plaintiff received defendant's request for proof of loss and records, dated July 11, 2023.  *Id.*, ¶ 10.  Plaintiff did not return a completed proof of loss to defendant.  *Id.*, ¶ 13.  On July 15, 2023, independent adjuster Catastrophe Specialist, Inc. inspected the Property and prepared a property inspection report.  *Id.*, ¶ 11.  On

3

August 15, 2023, defendant emailed plaintiff to advise that the July 15, 2023 Property inspection revealed no hail related damage and requested plaintiff send any information to support her hail damage claim.  *Id.*, ¶ 12.  Plaintiff also received and reviewed correspondence sent by defendant, dated August 28, 2023, which advised plaintiff that there was no Policy coverage for plaintiff's claim and advised plaintiff to send additional information on the coverage determination.  *Id.* at 6, ¶ 14.  Plaintiff did not send defendant new claim information for reconsideration of defendant's coverage position on plaintiff's claim before filing suit.[4]  *Id.*, ¶ 19.

Plaintiff's counsel sent defendant a letter of representation, dated March 12, 2024.  *Id.* at 7, ¶ 20.  The letter of representation did not include new information or documentation regarding plaintiff's claim.[5]  *Id.*, ¶ 21.  Months after filing suit, on November 27, 2024, plaintiff disclosed for the first time to defendant an unidentified repair estimate as a part of plaintiff's initial disclosures.[6]  *Id.*, ¶ 24.  The repair estimate was prepared on May 3, 2024 and does not identify who prepared it.  *Id.*

---

[4] Plaintiff denies this fact on the ground she cannot recall if she sent new information.  Docket No. 42 at 2, ¶ 19.  This does not effectively dispute defendant's claim that it did not receive new information, and the Court deems this fact admitted.

[5] Plaintiff admits that the letter of representation did not include new information, but "den[ies] the implication that an insured must send documents for an insurer to 'reconsider' its position prior to filing suit."  Docket No. 42 at 2, ¶ 21.  This is legal argument, which is not appropriate in this section of plaintiff's brief.  *See* Practice Standards (Civil Cases), Chief Judge Philip A. Brimmer, § III.F.3.b.vii ("Legal argument is not permitted [in the Response to Statement of Undisputed Material Facts section] and should be reserved for separate portions of the briefs.").

[6] Plaintiff states that she "[a]dmit[s] that Plaintiff provided an estimate with her initial disclosures."  Docket No. 42 at 2, ¶ 24.  Plaintiff does not establish whether she admits or denies the rest of the proffered fact.  *Id.*  In the Response to Statement of Undisputed Material Facts section, the nonmoving party must "admit or deny the asserted material facts set forth by the movant. . . . Any denial shall be accompanied by a **brief** factual explanation of the reason(s) for the denial and a **specific reference** to material in the record supporting the denial."  Practice Standards (Civil Cases), Chief

## II.  LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986).  A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001).  Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005).  An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

A movant who bears the burden at trial must submit evidence to establish the essential elements of its claim or affirmative defense.  *Harper v. Mancos Sch. Dist. RE-6*, 837 F. Supp. 2d 1211, 1217 (D. Colo. 2011).  By contrast, where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."  *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotations omitted).  "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter."  *Concrete Works of Colo., Inc. v. City & Cnty. Of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994).  The nonmoving party may not rest solely on the

---

Judge Philip A. Brimmer, § III.F.3.b.iv.  Thus, because plaintiff failed to deny that the estimate was disclosed for the first time on November 27, 2024, the Court deems this fact admitted.

allegations in the pleadings, but instead must designate "specific facts showing that

there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)

(quotations omitted). "To avoid summary judgment, the nonmovant must establish, at a

minimum, an inference of the presence of each element essential to the case."

*Bausman*, 252 F.3d at 1115. When reviewing a motion for summary judgment, a court

must view the evidence in the light most favorable to the non-moving party. *Id.*

### III.  ANALYSIS[7]

Plaintiff brings claims for breach of contract, common law bad faith, and statutory

bad faith. Docket No. 3 at 3-4, ¶¶ 18-35. Defendant argues that the breach of contract

claim should be dismissed because plaintiff did not meet her burden to establish that

she had coverage under the Policy. Docket No. 36 at 8. Alternatively, defendant

argues that the breach of contract claim should be dismissed because plaintiff failed to

satisfy various conditions in the Policy, which materially prejudiced defendant.[8] *Id.* at

12. Defendant argues that the bad faith claims should be dismissed because plaintiff

did not provide evidence that defendant acted unreasonably. *Id.* at 14-18.

### A.  Breach of Contract

Under Colorado law, a plaintiff asserting a breach of contract claim must plead

four elements: (1) the existence of a contract; (2) performance by the claimant or some

---

[7] Because jurisdiction is based on diversity, the Court applies Colorado law in resolving the motion. *See Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995) ("In a case in which jurisdiction is founded on diversity, we apply the law of the forum state."). The parties also assume that Colorado law applies. *See generally* Docket Nos. 36, 42. If the parties' arguments assume that Colorado law applies, the Court may proceed under the same assumption. *See Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008).

[8] Specifically, defendant argues that, in contravention of the Policy, plaintiff did not submit the proof of loss and did not provide the repair estimate until after filing the complaint. Docket No. 36 at 12.

justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the claimant. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). In a claim for breach of an insurance contract, "[t]he insured bears the initial burden of demonstrating coverage under the policy." *Rocky Mountain Prestress, LLC v. Liberty Mut. Fire Ins. Co.*, 960 F.3d 1255, 1260 (10th Cir. 2020) (citing *Rodriguez ex rel. Rodriguez v. Safeco Ins. Co. of Am.*, 821 P.2d 849, 853 (Colo. App. 1991)).

Plaintiff notes that the Policy covers direct physical loss to the Property. Docket No. 42 at 6; *see also* Docket No. 36 at 3, ¶ 3 (stating the undisputed fact that the Policy provides coverage for direct physical loss to covered property, except for losses excluded in the Policy). Plaintiff further notes that, while the Policy contains exclusions, none of those exclusions are for wind and hail damage. Docket No. 42 at 6; *see also* Docket No. 36 at 4, ¶ 7 (stating the undisputed fact that the Policy contains various exclusions). Defendant does not argue that hail damage is excluded under the Policy. *See generally* Docket No. 36. Thus, plaintiff has met her burden to show that hail damage is a covered loss under the Policy.

However, plaintiff's breach of contract claim fails because she does not demonstrate specific facts showing that there was any damage to the Property caused by hail. The undisputed facts show that an independent adjuster inspected the Property. Docket No. 36 at 5, ¶ 11. This inspection revealed no hail related damage. *Id.*, ¶ 12. Defendant informed plaintiff of this finding and requested that plaintiff send any information to support the hail damage claim. *Id.* Plaintiff puts forward no facts indicating that she provided such information before plaintiff filed suit. *See generally*

Docket No. 42. Thus, the undisputed facts support a finding that there was no hail related damage to the Property.

In a section titled "Genuine Issue of Material Fact as to Breach of Contract," plaintiff cites a report created by Brandon Allen, who plaintiff retained as an expert in this case.[9] *Id.* at 13-15. Plaintiff argues that this report shows that there was hail damage to the Property, which the independent adjuster and defendant ignored. *Id.* However, the Court's Practice Standards state that, if the party opposing the summary judgment motion

> believes that there exist additional disputed questions of fact..., the party shall, in a separate section of the party's brief styled "Statement of Additional Disputed Facts," set forth in simple, declarative sentences, separately numbered and paragraphed, each additional, material disputed fact which undercuts movant's claim that it is entitled to judgment as a matter of law. Each separately numbered and paragraphed fact shall be accompanied by a specific reference to material in the record which establishes the fact or at least demonstrates that it is disputed. Similarly, if the party opposing the motion believes that there exist additional undisputed facts, the party shall, in a separate section of the party's brief styled "Statement of Additional Undisputed Facts," set forth in simple, declarative sentences, separately numbered and paragraphed, each additional, material undisputed fact which undercuts movant's claim that it is entitled to judgment as a matter of law. Each separately numbered and paragraphed fact shall be accompanied by a specific reference to material in the record which establishes the fact or at least demonstrates that it is undisputed.

Practice Standards (Civil Cases), Judge Philip A. Brimmer, § III.F.3.b.v. (emphasis omitted). Plaintiff did not include a "Statement of Additional Disputed Facts" or "Statement of Additional Undisputed Facts" section in her brief. *See generally* Docket

---

[9] Plaintiff does not state what Mr. Allen is an expert in. *See* Docket No. 42 at 13-15. However, Mr. Allen has over 20 years of experience in the insurance claims industry. *Id.* at 13; *see also* Docket No. 42-4 at 2. Plaintiff asserts that "Mr. Allen's education, training, experience and background make him uniquely qualified to render opinions in this case." Docket No. 42 at 13.

No. 42.  Instead, plaintiff simply cites to Mr. Allen's report.  *Id.* at 13-15.  As the Practice Standard regarding summary judgment motions emphasizes, the "sole purpose of these procedures is to establish facts and determine which of them are in dispute."  Practice Standards (Civil Cases), Judge Philip A. Brimmer, § III.F.3.b.vii.  Plaintiff has compromised this process by not including a statement of facts in its response.  Had it done so, defendant would have been required to admit or deny those facts and provide a basis for any denials, which would assist the Court in determining what facts are undisputed and what facts are disputed.

Moreover, the requirement in the Practice Standards that a party opposing summary judgment state its facts in the form of statements is consistent with Fed. R. Civ. P. 56(e), which refers to "assertions of fact."  Rule 56 distinguishes such assertions or statements of fact from the evidence that supports the assertions.  *See, e.g.*, Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support that assertion by: (A) citing to particular parts of materials in the record").  Thus, for plaintiff to simply cite an expert report in its response frustrates the summary judgment process and violates the Court's Practice Standards.  The summary judgment process is further frustrated by plaintiff's failure to cite specific portions of the expert report, which is 100 pages long.  Docket No. 42 at 13-15; Docket No. 42-1.  Thus, even if plaintiff had presented this evidence in a proper section, it would still run afoul of the Court's practice standards, which state that "[e]ach separately numbered and paragraphed fact must be accompanied by a specific reference to material in the record which establishes that fact.  General references to pleadings, depositions, or documents

9

are insufficient if the document is over one page in length." Practice Standards (Civil

Cases), Judge Philip A. Brimmer, § III.F.3.b.ii (emphasis omitted).

As a result, the Court will not consider such evidence either to establish an

undisputed fact or to raise a dispute of material fact. As the Practice Standard on

summary judgment states, "[f]ailure to follow these procedures may result in an order

striking or denying the motion or brief or may cause the court to deem certain facts as

admitted." Practice Standards (Civil Cases), Judge Philip A. Brimmer, § III.F.3.b.ix.

Plaintiff's failure to follow the Practice Standards is especially problematic given that the

Court had to strike plaintiff's original response for failure to comply with the Practice

Standards. *See* Docket No. 41.

Plaintiff provides no properly presented facts to establish that there was covered

damage to the Property. *See generally* Docket No. 42. Plaintiff has the burden to

demonstrate coverage under the Policy. *Rocky Mountain Prestress*, 960 F.3d at 1260.

Defendant has met its burden at the summary judgment stage by demonstrating that

plaintiff does not show any evidence to establish that there was covered damage under

the Policy or a material issue of disputed fact to that effect. Docket No. 36 at 10-11; *see

also Bausman*, 252 F.3d at 1115. Plaintiff has not put forth any evidence to establish

the existence of covered damage, *see generally* Docket No. 42, and therefore plaintiff

has failed to "establish, at a minimum, an inference of the presence of each element

essential to the case." *Bausman*, 252 F.3d at 1115.

Even if the Court did consider Mr. Allen's report, it would not find that there is a

material issue of disputed fact as to the breach of contract claim. The undisputed facts

indicate that, on August 15, 2023, defendant emailed plaintiff to state that the

10

independent adjustor's property inspection revealed no hail related damage. Docket No. 36 at 5, ¶ 12. In that email, defendant requested that plaintiff send any information to support her hail damage claim. *Id.* Defendant sent another email to plaintiff on August 28, 2023, indicating that there was no coverage for plaintiff's claim, but asking her to send additional information related to the claim. *Id.* at 6, ¶ 14. Plaintiff sent no new information supporting her claim. *Id.*, ¶ 19. Instead, plaintiff filed suit. *Id.* at 7, ¶ 20. Only after filing suit did plaintiff disclose new information to defendant. *Id.*, ¶ 24. No reasonable jury could find that defendant breached the contract by denying coverage when an independent adjuster found no covered hail damage and plaintiff provided no contrary information despite repeated requests.

Accordingly, the Court will grant defendant's motion for summary judgment on the breach of contract claim.[10] *See* Fed. R. Civ. P. 56(e)(3) (stating that if a party fails to properly support an assertion of fact, the Court may grant summary judgment if the motion shows that the movant is entitled to summary judgment).

### B. Statutory and Common Law Bad Faith

Defendant also seeks summary judgment on plaintiff's statutory and common law bad faith claims. Docket No. 36 at 14-18. Colo Rev. Stat. § 10-3-1116(a) provides that policy holders who suffer an unreasonable delay or denial of benefits, as defined in Colo. Rev. Stat. § 10-3-1115, may bring an action for twice the covered benefits and attorneys' fees. *See* Colo. Rev. Stat. § 10-3-1116. Pursuant to § 10-3-1115, an insurer may not "unreasonably delay or deny payment of a claim for benefits owed to or on

---

[10] Because the Court will grant summary judgment due to plaintiff's failure to establish coverage under the Policy, it need not address defendant's alternative argument that summary judgment is warranted because plaintiff failed to satisfy various conditions in the Policy, which materially prejudiced defendant.

behalf of any first-party claimant." Colo. Rev. Stat. § 10-3-1115(1)(a). An insurer's conduct is unreasonable "if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action." Colo. Rev. Stat. § 10-3-1115(2). The determination of whether an insurer has breached its duties to the insured is one of reasonableness under the circumstances. *Estate of Morris v. COPIC Ins. Co.*, 192 P.3d 519, 523 (Colo. App. 2008). In Colorado, acting "without a reasonable basis" has been construed to mean pursuing a groundless position that is not supported by credible evidence. *Cooper v. Shelter Gen. Ins. Co.*, 653 F. Supp. 3d 873, 878 (D. Colo. 2023) (quoting *Masters v. Safeco Ins. Co. of Am.*, No. 20-cv-00631-PAB-NRN, 2021 WL 4326269, at *5 (D. Colo. Sept. 23, 2021)). The question is whether a reasonable insurer under similar circumstances would have denied or delayed payment of the claim. *Estate of Morris*, 192 P.3d at 523. The reasonableness of an insurer's conduct must be determined objectively, based on proof of industry standards. *Schultz v. GEICO Cas. Co.,* 429 P.3d 844, 847 (Colo. 2018). Whether an insurer's conduct was reasonable under the circumstances is ordinarily a question of fact for the jury. *Zolman v. Pinnacol Assurance*, 261 P.3d 490, 497 (Colo. App. 2011). However, in appropriate circumstances, as when there are no genuine disputes of material facts, reasonableness may be decided as a matter of law. *Estate of Morris*, 192 P.3d at 524.

To prevail on a claim for bad faith delay or denial of insurance benefits under Colorado common law, a plaintiff must establish that her insurer (1) acted unreasonably under the circumstances; and (2) knew of, or had reckless disregard for, the unreasonableness of its actions. *Goodson v. Am. Standard Ins. Co. of Wisc.*, 89 P.3d 409, 415 (Colo. 2004). "The only element at issue in the statutory claim is whether an

12

insurer denied benefits without a reasonable basis." *Cooper*, 653 F. Supp. 3d at 878

(alterations omitted) (quoting *Williams v. Owners Insurance Co.*, 621 F. App'x 914, 919

(10th Cir. 2015) (unpublished)).  "By contrast, to prove a first-party claim of common law

bad faith, a plaintiff must show not only that the insurer's conduct in processing or

denying a valid claim was unreasonable but also that the insurer knew its conduct was

unreasonable or recklessly disregarded the unreasonableness of its conduct." *Id.* (citing

*Travelers Insurance Co. v. Savio*, 706 P.2d 1258, 1275–76 (Colo. 1985)).  "Accordingly,

a claim of common law bad faith imposes a more exacting standard of proof than a

statutory claim." *Id.* (citation omitted)); *Kisselman v. Am. Family Mut. Ins. Co.*, 292 P.3d

964, 975 (Colo. App. 2011) (the "burden of proving th[e] statutory claim is less onerous

than that required to prove a claim under the common law for breach of the duty of good

faith and fair dealing").

Defendant argues that plaintiff lacks any evidence which establishes that

defendant unreasonably delayed or denied payment of a benefit covered under the

Policy, much less that it did so with knowledge or reckless disregard.  Docket No. 36 at

16-17.  In response, plaintiff again relies on Mr. Allen's report, and other evidence which

was not properly presented.  Docket No. 42 at 18-19.  As discussed above, the Court

will not consider this evidence.  However, even if the Court considered such evidence,

plaintiff cannot establish that defendant's coverage decision was unreasonable because

none of this evidence was disclosed to defendant before filing suit.[11]  *See Darrah v. Am.*

*Fam. Mut. Ins. Co., S.I.*, No. 21-cv-03438-RM-MEH, 2023 WL 4188148, at *6 (D. Colo.

---

[11] Plaintiff makes no argument that defendant breached any post-filing duties to
plaintiff.

June 5, 2023) ("[T]he reasonableness of an insurer's decision to deny or delay benefits to its insured must be evaluated based on the information that was before the insurer at the time it made its coverage decision.") (quoting *Schultz v. GEICO Cas. Co.*, 429 P.3d 844, 848-49 (Colo. 2018)).

Moreover, because the Court finds that defendant is entitled to summary judgment on plaintiff's breach of contract claim, defendant is also entitled to summary judgment on plaintiff's bad faith claims. *See Mock v. Allstate Ins. Co.*, 796 F. App'x 546, 550 (10th Cir. 2020) (unpublished) ("Because coverage of the . . . damage is excluded under the Policy, [plaintiffs'] bad faith claim necessarily fails" (citing *MarkWest Hydrocarbon, Inc. v. Liberty Mut. Ins. Co.*, 558 F.3d 1184, 1193 (10th Cir. 2009)) ("It is settled law in Colorado that a bad faith claim must fail if, as is the case here, coverage was properly denied and the plaintiff's only claimed damages flowed from the denial of coverage.")). Accordingly, the Court will grant summary judgment on the statutory and common law bad faith claims as well.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 36] is **GRANTED**. It is further

**ORDERED** that this case is **DISMISSED with prejudice**. It is further

**ORDERED** that this case is closed.

DATED March 24, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

14